**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  09-cv-01147-LTB-KMT (Consolidated with Civil Action Nos. 09-cv-01218-LTB-KMT;  09-cv-01313-LTB-KMT: 09-cv-01352-LTB-KMT; and 09-cv-01553-LTB-KMT)

JAMES BRAXTON,
TROY GRAVES,
RONALD JOHNSON,
PAUL PALECECK, and
MICHAEL DAVID JOHNSON,

       Plaintiffs,

v.

THE EXECUTIVE DIRECTORY OF THE C.D.O.C.,
KEVIN MILYARD,
TERRY BARTRUFF,
LLOYD WAIDE,
JEFF REVORD,
RAYMOND HIGGINS,
GARY LITTLE,
ROBERT KEISEL, and
SHAWN REWOLDT,

       Defendants.

_____

**ORDER**
_____

This prisoner case is before me on Defendants' Amended Motion to Consolidate Cases [**Docket # 14**].  Plaintiff filed his Complaint on May 19, 2009, alleging his civil rights were violated during a mass strip search that occurred on August 1, 2006, at the Sterling Correctional Facility of the Colorado Department of Corrections ("CDOC").  Since Plaintiff filed his Complaint, four other plaintiffs have filed complaints arising out of the same incident.  These cases—each of which is assigned to a different Judge—are: *Graves v. Executive Director of the*

*CDOC*, 09-cv-01218-PAB-CBS; *Johnson v. Executive Director of the CDOC*, 09-cv-01313-REB-MEH; *Palecek v. Executive Director of the CDOC*, 09-cv-01352-ZLW-CBS; and *Johnson v. Zavaras, Executive Director of the CDOC*, 09-cv-01553-MSK-MEH. Defendants moved the Court to consolidate all five of these cases.

On August 20, 2009, this Court issued in each of these five cases an Order to Show Cause why the cases should not be consolidated. Plaintiffs in each case filed a response opposing consolidation, and Defendants have filed a reply in quintuplicate. Oral argument would not materially assist the determination of Defendants' motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Defendants' Amended Motion to Consolidate Cases [**Docket # 14**].

The determination of whether to consolidate cases is governed by FED. R. CIV. P. 42(a), which provides: "If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "The objective of the rule is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381, at 427 (1995)).

Weighing the considerations of judicial economy and fairness to the parties, I find and conclude consolidation is appropriate in these five cases. There is no doubt that these cases—all five of which arise out of the same incident and concern similarly-situated plaintiffs and

defendants—involve common questions of law and fact.  The interest of judicial economy is unquestionably served by consolidation because it will eliminate the need for five different judges to address and rule on substantially identical issues in five separate cases.  Similarly—as the defendants are largely identical among the cases, and share a common employer, the CDOC—Defendants stand to benefit from responding to filings in only one case rather than five.

I also find no unfairness to the Plaintiffs will result from consolidation.  Plaintiffs argue their cases are similar to four other cases arising out of the same strip search—*Quade v. Milyard*, 07-cv-00229-WYD-MJW; *Sue v. Milyard*, 07-cv-01711-REB-MJW; *Ybanez v. Milyard*, 07-cv-01976-PAB-KMT; and *Thompson v. Milyard*, 07-cv-02132-WYD-CBS—that were previously consolidated by Chief Judge Daniel, but were later severed due to "potential for increased confusion, delay and possible prejudice" arising after the consolidation order was entered.  *See* April 6, 2009, Order, in *Quade v. Milyard*, 07-cv-00229-WYD-MJW.  Unlike the five cases presented for consolidation here, however, the four cases consolidated by Chief Judge Daniel "were all at different stages of litigation" and "prior to the consolidation, all of the cases received rulings on various motions to dismiss filed by the Defendants."  *See id.*  Because some of the consolidated cases had proceeded to discovery, while others had not, this created the potential for prejudice toward those plaintiffs in the early stages of their cases.  *See id.*  In addition, the prior rulings resulted in inconsistent remaining claims among the four consolidated plaintiffs, and one of the consolidated plaintiffs had settled his claims and been dismissed from the case.  *See id.*  No such issues are present here.  All five cases arise out of the same specific strip search, concern the same four claims, and share similar defenses.  All five cases were filed in the same

six-week time period and all are in the early pre-discovery litigation stages.

Accordingly, IT IS ORDERED that Defendants' Amended Motion to Consolidate Cases [**Docket # 14**] is GRANTED. The following four cases—*Graves v. Executive Director of the CDOC*, 09-cv-01218-PAB-CBS; *Johnson v. Executive Director of the CDOC*, 09-cv-01313-REB-MEH; *Palecek v. Executive Director of the CDOC*, 09-cv-01352-ZLW-CBS; and *Johnson v. Zavaras, Executive Director of the CDOC*, 09-cv-01553-MSK-MEH—shall be assigned to me and consolidated with this case for all further purposes.

It is further ORDERED that the Orders of Reference to Magistrate Judges previously issued in Case Nos. 09-cv-01218-LTB-KMT, 09-cv-01313-LTB-KLM, 09-cv-01552-LTB-KMT, and 09-cv-01553-LTB-KMT are WITHDRAWN and these cases are REASSIGNED to Magistrate Judge Kathleen M. Tafoya, pursuant to D.C.COLO.LCivR 42.1.

It is further ORDERED that all five cases shall hereafter be designated as Civil Action No. 09-cv-01147-LTB-KMT, and all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order.

To the extent Plaintiffs assert a request for class certification in their respective responses to the Order to Show Cause, the request is DENIED WITHOUT PREJUDICE as improperly made.

Dated: September   25  , 2009.

             BY THE COURT:

               s/Lewis T. Babcock
             LEWIS T. BABCOCK, JUDGE